UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>                     Plaintiff,<br>v.<br>ENDRES PROCESSING, LLC,<br>                     Defendant. | Civil Action No. 03-6294 (DSD/SRN)<br><br>**CONSENT DECREE** |

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on November 25, 2003, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. In its complaint, the EEOC alleges that Defendant, Endres Processing, LLC, ("Defendant") retaliated against John W. Davis because he filed an EEOC charge. The EEOC alleges that Defendant retaliated against Davis by terminating his employment. The EEOC alleges that Defendant's action violated Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a), which prohibits retaliation.

Defendant denies that it has committed any of the violations alleged by the EEOC. Defendant alleges that it terminated Davis' employment for job abandonment. The EEOC and Defendant (hereinafter referred to as "the parties") have agreed to settle the claims in order to reach an amicable resolution of this matter and avoid further litigation. The terms of the agreement are set forth below.

I.    Monetary Relief

    A.    Settlement Amount

Defendant agrees to settle this case for $55,000. The settlement will be divided into two

checks: one check for $37,488, for back pay damages; the other check for $17,512, for compensatory damages. The checks shall be sent by certified mail, return receipt requested, to Davis, and a copy of the checks shall be mailed simultaneously to the undersigned counsel for the EEOC.

All of the employer's share of required withholdings, if any, including Social Security, shall be paid by Defendant. Neither the EEOC nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Davis may or may not incur on such payments under local, state and/or federal law.

II.   <u>Non-Monetary Terms</u>

    A.   <u>Compliance with Title VII</u>

Defendant agrees that it will not condone or tolerate acts of race discrimination as prohibited by 42 U.S.C. §2000e, <u>et. seq</u>. Defendant also agrees that it will not condone or tolerate acts of retaliation against any employee or former employee for exercising the right to oppose any practice made unlawful employment practice by Title VII, and to make a charge, testify, assist, or participate in an investigation, proceeding or hearing under 42 U.S.C. §2000e <u>et. seq</u>.

    B.   <u>Impact Upon the EEOC's Processing</u>

The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation based upon allegations not included in the above-captioned case.

    C.   <u>Training</u>

Defendant shall provide training, specifically on race discrimination and retaliation, to all of its personnel, including supervisors and managers within six months after the Consent Decree

is entered by the Court, and agrees to continue to provide orientation to new employees, at its expense, relating to Defendant's obligation to maintain a work environment free from discrimination, and regarding Defendant's obligation not to retaliate against individuals who complain about discrimination in the workplace.

  D. <u>Creation and Dissemination of Anti-Discrimination Policy</u>

Defendant shall certify to the EEOC that it has an anti-discrimination and anti-retaliation policy. Such policy will specifically outline procedures for reporting and investigating discrimination complaints, and will include the names of persons to whom such complaints should be made. If no such policy exists, Defendant shall create such a policy within 30 days. This policy shall be disseminated to all employees.

  E. <u>Posting of Notice</u>

Defendant agrees to post the notice (Exhibit A hereto) in its facility in a clear and conspicuous location customarily used for the posting of employee notices. Defendant agrees to post this notice within five calendar days of approval of this Consent Decree by the Court, for the term of the Consent Decree.

  F. <u>Removal of References to EEOC Charge/Lawsuit from Personnel File</u>

Defendant shall remove from Davis' personnel file any record or indication that relates to his charges filed with the EEOC, the investigation, litigation, or resolution of the charges.

  G. <u>Neutral Reference</u>

When and if Defendant is contacted by a prospective employer of Davis' for an employment reference, Defendant shall provide neutral reference information, consisting of dates of employment and positions held. Defendant shall expunge any references to Davis'

termination from Davis' employment records.

    H.    <u>Record-keeping and Reporting</u>

For five years from the date of this Consent Decree, Defendant shall document and maintain records related to every complaint that it or any manager or supervisor receives from any employee alleging race discrimination or retaliation. During this period, Defendant shall also provide the EEOC with semi-annual reports, with the first report being due five months after the Final Order. Defendant shall provide the EEOC with a report every six months thereafter throughout the term of this Decree. The reports shall include the following information for each complaint known to Defendant: the name, address, telephone number, and social security number of all employees at Defendant's facility, if any, who, during the reporting period, complained either verbally or in writing about race discrimination and/or retaliation; the date and nature of each complaint; the identity of each person to whom each complaint was made; and the action taken by Defendant in response to each complaint. Finally, based on the semi-annual reports, the EEOC may inspect Defendant's premises, interview employees and examine and copy documents relating to matters contained in the semi-annual reports. The EEOC shall give written notice one week prior to coming on the premises for inspection.

    I.    <u>Enforcement of Consent Decree</u>

If at any time during the effective date of this Consent Decree, the EEOC believes that a violation of this Decree has occurred, prior to exercising its right to move to compel enforcement, the EEOC shall give written notice detailing the perceived violation to Defendant. Defendant shall have thirty (30) days from receipt of written notice to investigate and respond in writing to the allegation that a violation has occurred. Thereafter, the parties shall have a period

of thirty (30) days, or such additional period as may be agreed upon in writing by them, in which to engage in negotiation and conciliation regarding any alleged violation before the EEOC may move to compel compliance.

J.        Certification to the EEOC

Within 10 calendar days following compliance with the posting, training and creation/dissemination of anti-discrimination policy provisions of this Consent Decree, Defendant will notify the EEOC of such compliance through a letter from an appropriate representative.

K.        No Other Agreements

This Consent Decree constitutes the sole agreement between and among the parties concerning the settlement of the above-captioned lawsuit. The parties agree that no promises or inducements have been made except as set forth in this Consent Decree, and the Release between Davis and Endres Processing LLC., and that there are no other agreements, written or oral, express or implied, between or among the parties concerning the subject matter of this lawsuit.

L.        Enforcement of Terms of Consent Decree and Jurisdiction

Upon execution of the Consent Decree by the parties, the parties will execute a Stipulation for Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), to dismiss this case without costs to the parties, with the Court to reserve jurisdiction to enforce the terms of the Consent Decree. The affirmative obligations under this Consent Decree shall be effective and binding upon the parties for the period of five calendar years from its final approval by the Court. This Court shall retain jurisdiction of this action for the purpose of enforcing this Decree and entry of such further orders as may be necessary or appropriate for the same period of time,

except that, if any party has, prior to the expiration of the five year period, commenced proceedings to compel compliance, this Court will retain jurisdiction of the action until all issues relating to such compliance proceedings have been resolved.  At the end of the five year period, or as soon as all enforcement issues (if any) have been resolved, whichever occurs last, this Court will dissolve the Consent Decree and will dismiss this action with prejudice without further motion by any party.

I have read the foregoing Consent Decree, and accept and agree to the provisions contained therein.


| | |
|---|---|
| s/Rosemary J. Fox | 7/20/04 |
| for Jean P. Kamp | Date |
| Regional Attorney | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |
| Milwaukee District Office | |
| 310 W. Wisconsin Ave., Suite 800 | |
| Milwaukee, WI 53203 | |
| (414) 297-1860 | |


| | |
|---|---|
| s/Tina Burnside | 7/22/04 |
| Tina Burnside (WI#1026965) | Date |
| Senior Trial Attorney | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |
| Minneapolis Area Office | |
| 330 S. Second Ave., Suite 430 | |
| Minneapolis, MN 55401 | |
| (612) 335-4047 | |

Attorneys for Plaintiff EEOC

| | |
|---|---|
| s/James R. Harries | 7/16/04 |
| Craig M. Roen (#182916) | Date |

James R. Harries (#209247)
Rebecca L. Kassekert (#311558)
Faricy & Roen, P.A.
2320 Metropolitan Center
333 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 371-4400

Attorneys for Defendant Endres Processing, LLC

## **NOTICE TO EMPLOYEES**

In conformance with Title VII, Endres Processing has agreed to take the following steps:

1.      Endres Processing will not engage in any type of discrimination, intimidation, or retaliation prohibited by Title VII.

2.      Endres Processing will provide training to its staff including supervisors, managers, and administrators in regard to its policies forbidding any such discrimination, intimidation, or retaliation and providing for disciplinary action against violators.

3.      Endres Processing has and will continue to disseminate its anti-discrimination policies to all of its employees outlining that discrimination and retaliation is prohibited, and will not be tolerated.

The EEOC enforces Title VII, which prohibits job discrimination based on race, color, religion, sex or national origin, the Age Discrimination in Employment Act, the Equal Pay Act, prohibitions against discrimination against individuals with disabilities in the federal sector, sections of the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act, which prohibits discrimination against people with disabilities in the private sector and state and local governments. The Minneapolis office of the EEOC is located at 330 S. Second St., Suite 430, Minneapolis, MN 55401.  The office is open from 8:00 a.m. to 4:30 p.m., Monday through Friday.  Persons interested in contacting the EEOC may do so either by visiting or writing or by calling (612) 335-4040.